1  Irene Karbelashvili, State Bar Number 232223
   Law Office of Irene Karbelashvili
2  12 South First Street, Suite 413
   San Jose, CA 95113
3  Telephone: (408) 295-0137
   Fax: (408) 295-0142
4
5  Kenneth J. Pinto, State Bar Number 221422
   Law Office of Kenneth J. Pinto
6  12 South First Street, Suite 713
   San Jose, CA 95113
7  Telephone: (408) 289-1765
   Fax: (408) 289-1754
8
9  Attorneys for RICHARD JOHNSON, Plaintiff
10
11              UNITED STATES DISTRICT COURT
12            NORTHERN DISTRICT OF CALIFORNIA
13
14  RICHARD JOHNSON,                    )  Case No. CV13- 1401
                      Plaintiff,        )
15                                      )  *Civil Rights* PSG
16  vs.                                 )
                                        )  COMPLAINT FOR
17  RICHARD C. CONGER, TRUSTEE OF       )  PRELIMINARY AND
    CONGER FAMILY 2002 TRUST, and       )  PERMANENT INJUNCTIVE
18  DOES 1-20,                          )  RELIEF AND DAMAGES:
                      Defendants.       )  DENIAL OF CIVIL RIGHTS AND
19                                      )  ACCESS TO PUBLIC
                                        )  FACILITIES TO PHYSICALLY
20                                      )  DISABLED PERSONS, PER
21                                      )  FEDERAL AND CALIFORNIA
                                        )  STATUTES (INCLUDING CIVIL
22                                      )  CODE §§ 51, 52, 54, 54.1, 54.3,
                                        )  AND § 55; AND HEALTH &
23                                      )  SAFETY CODE §§ 19955 ET
24                                      )  SEQ.); INJUNCTIVE RELIEF
                                        )  PER TITLE III, AMERICANS
25                                      )  WITH DISABILITIES ACT OF
                                        )  1990
26                                      )
27                                      )
28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
    Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
    52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
    with Disabilities Act of 1990

1
2   Plaintiff RICHARD JOHNSON (hereafter "Plaintiff") complains of Defendants RICHARD
3   C. CONGER, TRUSTEE OF CONGER FAMILY 2002 TRUST, and DOES 1-20 inclusive
4   (hereafter "Defendants") and alleges as follows:
5
6
7                               I.      INTRODUCTION
8   1. The Americans with Disabilities Act ("ADA") was enacted over twenty years ago,
9   establishing the most important and comprehensive civil rights law for persons with
10  disabilities in our country's history. One of the principal goals of the ADA is the integration
11  of people with disabilities into the country's economic and social life. (42 U.S.C. §
12  12101(a)). Despite this long-standing mandate, Defendants - the owners, operators, lessors
13  and lessees of a shopping mall, known as King Court Shopping Center located at or about
14  700 – 798 Blossom Hill Road, Los Gatos, California - have failed to provide disabled
15  persons with full and equal access to their goods and services in violation of the ADA by
16  constructing and/or failing to remove architectural barriers that prevent persons who use
17  wheelchairs or other mobility devices from using and enjoying their facilities in as full and
18  equal manner as able-bodied persons. In so doing, Defendants have also violated California
19  civil rights laws including Health and Safety Code §§19955 et seq., the Unruh Civil Rights
20  Act ("Unruh Act"), Cal. Civ. Code §.51 et seq. and the Disabled Persons Act, Cal. Civ. Code
    §54 et seq.
21  2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and
22  will continue to suffer, damages, and has been, and will continue to be prevented and
23  deterred from accessing and using Defendants' goods, services and facilities to the same
24  extent as, and in a manner equal to, his able-bodied peers. Through this lawsuit, Plaintiff
25  seeks compensation for his injuries and an injunction requiring Defendants to provide "full
    and equal" access to their public facilities for disabled persons as required by law.
26
27

---

28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
    Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
    52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
    with Disabilities Act of 1990

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of California Health & Safety Code §19955 *et seq.;* and the Unruh Act, Cal. Civ. Code § 51.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

## III. PARTIES

5. Plaintiff RICHARD JOHNSON ("Plaintiff") is, and at all times relevant herein was, a qualified individual with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Due to an errant medical procedure in 1991, Plaintiff is paralyzed in his lower extremities. He is unable to independently stand or walk, and requires the use of a wheelchair for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff is, and at all times relevant hereto was, a resident of California.

6. On information and belief, Defendant RICHARD C. CONGER, TRUSTEE OF CONGER FAMILY 2002 TRUST is an owner, operator, manager, trustor, lessor and/or lessee of King Court Shopping Center located at or about 700-798 Blossom Hill Road, Los Gatos, California 95032 (the "Shopping Mall") with the following facilities: "Peet's Coffee & Tea", "Wooden Horse", "Togo's", "Bird Watcher", "High Tech Burrito", "Arthur Murray", "Sportissimo", "Shangri-La", "Bank of America", "Beauty Avenue", "CVS Pharmacy", "Wolf Camera", "Lunardi's", "Wells Fargo", "Chevron", "Fiori's Hallmark".

7. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed

and believes that each of the defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## IV. FACTS UPON WHICH ALL CLAIMS ARE BASED

8. The Shopping Mall is a "place of public accommodation" as defined under Title III of the ADA, 42 U.S.C. § 12181 (7)(E) and (F), and California civil rights laws. Cal. Civ. Code §§ 51 et seq.; and Health & Saf. Code § 19955 et seq.

11. On information and belief, Shopping Mall was constructed and/or altered after January 26, 1993.

9. Plaintiff and other similarly situated physically disabled persons who require the use of a wheelchair or other mobility device, are unable to access and use the goods, services and facilities offered at the Shopping Mall on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § § 12181 et seq.; Health & Safety Code § 19955 et seq.; and California Code of Regulations, Title 24-2 ("Title 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

10. Plaintiff lives nearby and has visited the Shopping Mall located at or about 700 -798 Blossom Hill Road, Los Gatos, California on numerous occasions. Each time he encountered a number of access-related barriers that include, but are not limited to:

- No path of travel from public right of way exposes Plaintiff to danger if he takes public transportations;

- No truncated domes when path cross vehicular right of way;

At Wells Fargo

- Wells Fargo parking access aisle lines are white – does not give an adequate notice of accessibility;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
P a g e | 4

- Wells Fargo parking no 'no parking" writing on access aisle- creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;
- Wells Fargo no truncated domes on ramp;
- Wells Fargo parking signage is not correct -- inadequate signage designating and reserving the accessible parking space forcing Plaintiff to park elsewhere;
- Wells Fargo access aisle is 2.9% over 25 max.;

At Lunardi's

- Lunardi's parking access aisle is white instead of blue - does not give an adequate notice of accessibility to Plaintiff;
- Lunardi's parking ramp has no truncated domes;
- Lunardi's ramp landing blocked by displays forcing Plaintiff to use other paths and thus subjecting Plaintiff to danger;
- Lunardi's access aisle has no "No parking" printed on the asphalt - does not give an adequate notice of accessibility to Plaintiff;
- Lunardi's parking signs are not correct - does not give an adequate notice of accessibility to Plaintiff;

At Fiori's Hallmark

- Fiori's Hallmark parking signs not correct - does not give an adequate notice of accessibility to Plaintiff;
- Fiori's Hallmark parking has no built up curb ramps -- exposing Plaintiff to the risk of injury;
- Fiori's Hallmark parking access aisle has white lines - does not give an adequate notice of accessibility to Plaintiff;
- Fiori's  Hallmark no "no parking" printed in access aisle -- creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;
- Fiori's Hallmark ramp has no truncated domes;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
P a g e | 5

At CVS Pharmacy

- Ramp between Wolf Camera and CVs Pharmacy has 9.8% slope exposing Plaintiff to the risk of injury;

- CVS Pharmacy parking access aisles are white- does not give an adequate notice of accessibility to Plaintiff;

- CVS Pharmacy parking has wrong signage

- CVS Pharmacy parking no "no parking" printed in access aisle - creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;

At Shangri-La

- Shangri-La Parking access aisle white - does not give an adequate notice of accessibility to Plaintiff;

- Shangri-La Parking wrong ADA parking signs - creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;

- Shangri-La Parking no "No parking" printed on asphalt -- creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;

- Shangri-La Parking access aisle slope 5.5% - exposing Plaintiff to the risk of injury;

- Shangri-La Parking slope 5.5%;

At Wooden Horse

- Wooden Horse parking has a wrong ADA sign;

- Wooden Horse parking access aisle is white - creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;

- Wooden Horse parking No 'no parking" printed on asphalt - creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;

- Wooden Horse parking access aisle slope is 3.3% - exposing Plaintiff to the risk of injury;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

P a g e | 6

At Chevron Gas Station

- Parking access aisle lines are white
- No "No parking" printed on access aisle- creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;
- No path of travel from parking to main door – exposing Plaintiff to the risk of injury;
- Parking access aisle less than 8'wide making it inaccessible for wheelchair users;
- Built up curb ramp over 8.33% steep (by entrance) - creating possibility that the ADA designated parking space will be occupied by an ineligible customer and forcing Plaintiff to park elsewhere and exposing him to the risk of injury;
- No truncated domes on ramp;
- Wrong bathroom signage;
- No directional signs to bathroom;
- Bathroom door requires key entry.

11. Plaintiff wants to continue patronizing this Shopping Mall in the future. Plaintiff enjoys the products and services offered at the Shopping Mall, and its location. The Shopping Mall is closely located to Plaintiff's residence.

12. Until the barriers at the Shopping Mall are removed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to the store and gas station at the Shopping Mall, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by the store to the general public.

13. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be, denied full and equal access to the goods, services, facilities, privileges, advantages, or accommodations of the Shopping Mall, and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

P a g e  | 7

# V. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III USC §12101 *et seq.*

14. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 13 of this Complaint, and incorporates them herein as if separately repled.

15. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities", and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. §12101.

16. Congress stated as its purpose in passing the Americans with Disabilities Act, 42 U.S.C. §12101(b):

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

17. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. §12181 et seq. Among "private entities" which are

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page | 8

considered "public accommodations" for purposes of this title are grocery stores or other sales or retail establishments (42 U.S.C. §12181(7)(E)) and gas stations (42 U.S.C. §12181(7)(F)).

18. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19. Defendants have discriminated against Plaintiff on the basis of his disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

C. Failing to design and/or construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. pt. 36, app. A. 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401, 36.406(a);

D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards. 42 U.S.C. § 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403, 36.406(a);

E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv); 28 C.F.R. § 36.304.

20. On information and belief, this Shopping Mall and its facilities underwent construction and/or alterations after January 26, 1992 that triggered access requirements under the ADA - Title III.

21. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42

U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

### Cal. Health & Safety Code §§ 19955 *et seq.*

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

24. On information and belief, the Shopping Mall and its facilities underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Shopping Mall and its related facilities, undergo an "alteration, structural repair or addition."

25. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION UNRUH CIVIL RIGHTS ACT

### (Cal. Civ. Code §51 *et seq.*)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 25 of this Complaint, and incorporates them herein as if separately repled.

27. The Shopping Mall is a business establishments and, as such, must comply with the

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
P a g e | 10

provisions of the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

28. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

29. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

30. Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or inciting the denial of, Plaintiffs rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Shopping Mall.

31. Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

32. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.


# FOURTH CAUSE OF ACTION
## DISABLED PERSONS ACT
### Cal. Civ. Code § 54 *et seq.*

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 32 of this Complaint, and incorporates them herein as if separately repled.

34. The Shopping Mall and its facilities are places of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*

35. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

36. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
P a g e | 11

1  equal access, as other members of the general public, to accommodations, advantages,

2  facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

3  37. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, Cal.

4  Civ. Code § 54.1(d).

5  38. Defendants have violated the CDPA by, inter alia, denying and/or interfering with

   Plaintiffs right to full and equal access as other members of the general public to the

6  accommodations, advantages, or facilities of the Shopping Mall and its related facilities due

7  to his disability.

8  Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3 and 55,

9  Plaintiff prays for judgment as set forth below.

10

11

12                              **VI. PRAYER FOR RELIEF**

13  WHEREFORE, Plaintiff respectfully requests that:

14  1. This Court issue an injunction pursuant to Title III of the ADA and Plaintiffs related state

    law claims:

15  a) Ordering Defendants to alter their facilities to make such facilities readily accessible to

16  and usable by individuals with disabilities; and

17  b) Prohibiting operation of Defendants' public accommodations and facilities until they

18  provide full and equal access to physically disabled persons, and requiring that such access

19  be immediately provided.

20  c) That this Court award general, compensatory, and statutory damages pursuant to the

    Unruh Act or, in the alternative, the Disabled Persons Act, in an amount within the

21  jurisdiction of this court, and that these damages be trebled according to statute;

22  d) That this Court award special and consequential damages according to proof;

23  e) That this Court award attorneys' fees, litigation expenses and costs of suit, pursuant to

24  Title III of the ADA, 42 U.S.C. § 12205; Cal. Civ. Code §§ 52, and 55; Cal. Health & Saf.

25  Code § 19953; and Cal. Code of Civil Procedure § 1021.5;

26  f) Such other and further relief as the Court may deem just and proper.

27

28
Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990
P a g e | 12

Dated: *03-26-13*                    _____
                                     Irene Karbelashvili, Attorney for Plaintiff
                                     RICHARD JOHNSON


### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: *03-26-13*                    _____
                                     Irene Karbelashvili, Attorney for Plaintiff
                                     RICHARD JOHNSON

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990